IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:16-CV-1012 |
| | § | |
| V. | § | Removed from the 55th Judicial District |
| | § | Court of Harris County, Texas; |
| ENI TRADING & SHIPPING INC. | § | Cause No. 2016-12469 |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO:    United States District Court
for the Southern District of Texas
Houston Division
515 Rusk
Houston, Texas 77002

Clerk of the 55th Judicial District
of Harris County, Texas
201 Caroline
Houston, Texas 77002

Nitin Sud
SUD LAW, PC
6750 West Loop South, Suite 920
Bellaire, TX 77401

Joseph Mathew
THE LAW OFFICES OF J. MATHEW, PLLC
4203 Montrose Blvd., Suite 410
Houston, Texas 77006

PLEASE TAKE NOTICE that Defendant ENI Trading & Shipping Inc. ("Defendant") removes this civil action pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. The specific grounds for removal are set forth below.

**I.      Introduction**

1.      Plaintiff Jane Doe ("Plaintiff") commenced a civil action against Defendant on February 26, 2016 in the District Court of Harris County, Texas, 55th Judicial District (the "State Court").  The lawsuit is recorded on the docket of the State Court as Cause No. 2016-12469 ("the State Action").  A true and correct copy of Plaintiff's Original Petition (the "Petition") is attached as Exhibit A.  Other than Plaintiff and Defendant ENI Trading & Shipping Inc. ("Defendant"), there are no other parties to this action.

2.      Plaintiff served Defendant less than 30 days ago.  Specifically, Plaintiff served Defendant with the Petition and a citation on March 23, 2016.  A true and correct copy of the Citation served on Defendant is attached as Exhibit B.  This Notice of Removal is filed within 30 days of Defendant's receipt of the Citation and the Petition, and is therefore filed within the limits imposed by 28 U.S.C. § 1446(b).  Defendant's Original Answer and Defenses was filed on April 12, 2016.  A true and correct copy of that filing is attached as Exhibit C.

3.      Plaintiff made a jury demand in the Petition.

4.      All process, pleadings, and orders served in this case are attached to this notice.  No orders have been signed by the State Court in this matter.  A true and correct copy of the docket sheet in the State Action is attached as Exhibit D.

**II.     Argument And Authorities**

    **A.      Removal Is Proper Based On Federal Question Jurisdiction**

5.      28 U.S.C. § 1331(a) gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  In her Petition in the State Action, Plaintiff asserts a harassment claim under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  *See* Exhibit A, § VII.  The assertion of this federal claim provides this

Court with original jurisdiction under the provisions of 28 U.S.C. § 1331(a) and removal jurisdiction pursuant to 28 U.S.C. § 1441.

### B. Venue, Notice, and Compliance with Local Rule 81

6. Venue is proper in this District under 28 U.S.C. § 1441(a) because, under 28 U.S.C. § 124(b)(2), this District and Division embrace Harris County, Texas, the place where the removed action has been pending.

7. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the 55th Judicial District Court of Harris County, Texas and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d).

8. Pursuant to Local Rule 81, appended to this Notice of Removal is an Index of Matters Being Filed containing the following attachments:

   a. Plaintiff's Original Petition (Exhibit A);

   b. All executed process (Exhibit B);

   c. Defendant's Original Answer and Defenses (Exhibit C);

   d. Harris County Docket Sheet (Exhibit D);[1]

   e. Index of matters being filed (Exhibit E); and

   f. List of counsel of record and parties (Exhibit F).

9. Should Plaintiff seek to remand this case to the State Court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking the Court to certify any

---

[1] The State court judge has not signed any orders as of the time of this removal.

remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant prays that the above-described action pending against it be removed to this Court.

Respectfully submitted,

/s/ John L. Collins
John L. Collins
TX Bar No. 00796025
S.D. Texas No. 20013
**SEYFARTH SHAW, LLP**
700 Milam, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
jcollins@seyfarth.com

ATTORNEY-IN-CHARGE FOR DEFENDANT,
ENI TRADING & SHIPPING INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via ECF filing, on this the 14th day of April, 2016.

Nitin Sud
SUD LAW, PC
6750 West Loop South, Suite 920
Bellaire, TX 77401
nsud@sudemploymentlaw.com

Joseph Mathew
THE LAW OFFICES OF J. MATHEW, PLLC
4203 Montrose Blvd., Suite 410
Houston, Texas 77006
jmathew@jmathewlawfirm.com

/s/ John L. Collins
John L. Collins