# EXHIBIT A

Case 4:16-cv-01012   Document 1-2   Filed in TXSD on 04/14/16   Page 2 of 9

2/26/2016 3:10:50 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9328081
By: Nelson Cuero
Filed: 2/26/2016 3:10:50 PM

2016-12469 / Court: 055

CAUSE NO. _____

| | | |
|---|---|---|
| JANE DOE, | § | |
| *Plaintiff* | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| ENI TRADING & SHIPPING, INC. | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |
| | § | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Plaintiff, Jane Doe ("Plaintiff"), files this, her Original Petition, complaining of ENI Trading & Shipping, Inc. ("Defendant"), for cause of action would respectfully show the Court as follows:

**I.
INTRODUCTION AND SUMMARY**

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), which prohibits sexual harassment.  42 U.S.C. § 2000e, *et. seq.* Plaintiff was employed by Defendant where she was subjected to extreme sexual harassment at the hands of a co-worker.  Despite Defendant's knowledge of the co-worker's actions, it failed to take appropriate corrective action, resulting in continued harassment.  Specifically, Defendant's president was directly informed by Plaintiff of concerns regarding the co-worker where she told him she was scared of the co-worker; however, the company failed to conduct an investigation or otherwise take appropriate remedial measures.  Although Defendant eventually did terminate the co-worker, it did not act in a timely manner, thus causing Plaintiff to suffer further.

1

## II.
## DISCOVERY CONTROL PLAN

Plaintiff intends that discovery should be conducted under the Discovery Control Plan imposed by Level 2 of the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 190.3.

## III.
## JURISDICTION AND VENUE

This Court has jurisdiction over all claims in this action under 42 U.S.C. § 2000e-5(f)(3). Plaintiff is seeking monetary relief in an amount over $200,000 but not more than $1,000,000.

Venue is proper in Harris County, Texas because a substantial part, if not all, of the events or omissions giving rise to Plaintiff's causes of action occurred in Harris County.

## IV.
## PARTIES

Plaintiff is a citizen of the United States of America, and is a resident of Texas. Plaintiff, is a survivor of multiple sexual assaults. The highly sensitive and personal nature of the information detailed in this petition, including the horrendous acts endured by the Plaintiff at the hands of the Defendant, form the basis of this lawsuit, and justify Plaintiff proceeding under the pseudonym Jane Doe.

Defendant is a corporation duly licensed to do business in Texas, with a principal place of business in Harris County, Texas.  Defendant may be served through its registered agent, Capitol Corporate Services, Inc. located at 206 E 9th St., Suite 1300, Austin, Texas 78701.

## V.
## PROCEDURAL REQUISITES

On or about May 14, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a right-to-sue notice on November 30, 2015.  This lawsuit is being filed within 90 days of receipt of the EEOC right-to-sue notice.

## VI.
## FACTS

Plaintiff was employed by Defendant from December 2012 to December 2014. She briefly dated a lead trading analyst named Heriberto Latigo. Plaintiff tried to end her relationship with Latigo in early 2014 because of his abusive treatment towards her; however, he continued to harass and abuse her for several months in 2014, while they were both employed by Defendant. Latigo publicly humiliated Plaintiff and made offensive, sexual comments towards her. Many of Latigo's actions/comments were made during work hours and by using Defendant's property and resources (such as its computers and emails). For example, while sitting next to Plaintiff at work, Latigo would send private and intimate photographs of Plaintiff to her work email and threaten to post them online if Plaintiff did not perform sexual favors during their lunch break.

In approximately late July 2014, Plaintiff had a conversation with the president of Defendant, Giorgio Mari, in which she told him that she was in a relationship with Latigo, was having problems with Latigo, and was scared of Latigo. Because of Plaintiff's fear of Latgio, she asked Mari not to take any further action; however, Mari suggested that Plaintiff contact Human Resources or the police. Despite Mari's knowledge of Plaintiff's fear and even his recommendation to contact the police, Mari took no action in order to investigate Latigo or otherwise ensure the safety of Plaintiff. Instead, Mari allowed Latigo to continue his employment and actions uninterrupted, as an employee of Defendant.

Despite Plaintiff's fears and request that Mari not take any action, Mari, as president of Defendant, did have an affirmative duty to conduct an investigation as a matter of law. As one court has succinctly explained:

> "Generally, the negligence standard governs employer liability for *co-worker* harassment." *See Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir. 1999) (emphasis in original). An employer may be liable for harassment if it "knew or

3

should have known of the harassment in question and failed to take prompt remedial action." *Williamson v. City of Houston*, 148 F.3d 462, 464 (5th Cir. 1998). Notice of the harassing conduct triggers an employer's duty to take prompt corrective action that is "reasonably calculated" to end the harassment. *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir.1999). "What is appropriate remedial action will necessarily depend on the particular facts of the case -- the severity and persistence of the harassment, and the effectiveness of any initial remedial steps. . . . [N]ot every response by an employer will be sufficient to discharge its legal duty. Rather, the employer may be liable despite having taken remedial steps if the plaintiff can establish that the employer's response was not 'reasonably calculated' to halt the harassment." *Id.* at 615-16, *quoting Waltman v. Int'l Paper Co.*, 875 F.2d 468, 479 (5th Cir. 1989)....

Under Title VII, an employer has actual knowledge of harassment that is known to "higher management." *Sharp, 164 F.3d at 929*. A person is in "higher management" if he or she has "the power not only to hire and fire the offending employee but also to take disciplinary action, *to provide significant input into employment decisions*, to instruct the offending employee to cease the harassing behavior, or to implement other means of taking remedial action." *Id.* (emphasis added).

*EEOC v. Laroy Thomas, Inc.*, 2006 U.S. Dist. LEXIS 48469, *56 – 58 (E.D. Tex. July 14, 2006). This same case also emphasized that "an employer's investigation of a harassment complaint is **not a gratuitous or option undertaking**; under federal law, **an employer's failure to investigate may allow a jury to impose liability on the employer**." *Id*., at *59 (citing *Malik v. Carrier Corp.*, 202 F.3d 97, 105 (2d Cir. 2000) (emphasis added).

Mari's failure to act in a timely manner was disastrous. Over the course of the next several months after Plaintiff complained to Mari, Plaintiff was subjected to numerous threatening and sexually explicit emails and other communication from Latigo. These include, but are not limited to: a) threatening to leak private photographs of Plaintiff; b) threatening to disclose the fact that Plaintiff underwent an abortion because of Latigo; c) attempting to force a relationship; and d) actually posting naked pictures of Plaintiff on Facebook and emailing them to Plaintiff's family. These communications happened continuously until October. In fact, Latigo's continued harassment was so extensive, that Plaintiff attempted suicide in September 2014.

4

Plaintiff also learned, in about August 2014, that another employee of Defendant also complained to Defendant about Latigo's harassing behavior. Specifically this other employee informed Plaintiff that she had complained to Defendant's CFO in December 2013 that Latigo was treating her improperly and also again in August 2014 that Latigo was treating Plaintiff improperly. Despite Defendant's direct knowledge of Latigo's sexually harassing behavior on at least three separate instances, it failed to take any remedial action.

Finally, in on or about October 20, 2014, Plaintiff made a formal complaint to Defendant regarding Latigo's treatment towards her. Defendant was suspended on October 22, 2014. Plaintiff was interviewed on October 24, 2014 regarding her complaint; however, she was not informed as to any other steps Defendant took with respect to her complaint, nor the outcome of the investigation. Eventually, Plaintiff learned, via one of Latigo's numerous unsolicited emails to her, that he was fired in mid-November 2014. Defendant did not take any actions to prevent Latigo from communicating with Plaintiff. On November 17, 2014, Latigo sent an email to Plaintiff, Defendant's CEO (Mari), the Global General Manager, the Senior Vice President, and Plaintiff's immediate manager falsely accusing Plaintiff of engaging in illegal activities and also referencing the existence of nude photographs of Plaintiff. Defendant did nothing in response to this email.

Eventually, even though Latigo was no longer working for Defendant, because of Defendant's failures to take timely corrective action, the embarrassment she faced, and the lack of responsiveness from Defendant, Plaintiff felt forced to quit her job.

Based on Defendant's actions, Plaintiff was subjected to a hostile work environment based on her sex. Defendant's actions were committed with malice. Plaintiff has suffered economic

5

damages, mental anguish, emotional distress, and other compensatory damages as a result of Defendant's actions.

## VII.
## CAUSE OF ACTION

Plaintiff asserts a cause of action under Title VII for sexual harassment. *See* 42 U.S.C. § 2000e *et. seq*.

## VIII.
## ATTORNEY'S FEES

As a result of Defendant's actions, Plaintiff has had to retain the undersigned attorneys and incur reasonable and necessary attorney's fees.

## IX.
## JURY DEMAND

Plaintiff hereby demands trial by jury.

## X.
## REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendant disclose, within fifty (50) days of service of this request, the information and material described in section 194.2 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 194.2.

## XI.
## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Honorable Court cites Defendant to answer and appear, and upon final trial enter a judgment upon her favor and award the following:

1) Actual damages;
2) Back pay and benefits;
3) Punitive and exemplary damages;
4) Compensatory damages;
5) Emotional distress and mental anguish damages;
6) Reasonable attorney's fees;

7) Court costs;

8) Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

9) All further relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Nitin Sud*

Nitin Sud
Texas Bar No. 24051399
nsud@sudemploymentlaw.com
SUD LAW PC
6750 West Loop South, Suite 920
Bellaire, TX 77401
T. 832.623.6420

*/s/ Joseph Mathew*

Joseph Mathew
Texas Bar No. 24077716
jmathew@jmathewlawfirm.com
THE LAW OFFICES OF J. MATHEW, PLLC
4203 Montrose Blvd., Suite 410
Houston, Texas 77006
T. 281.241.9722
F. 281.617.1997

7

Case 4:16-cv-01012 Document 1-2 Filed in TXSD on 04/14/16 Page 9 of 9

2/26/2016 3:10:50 PM
Chris Daniel - District Clerk Harris County
Envelope No: 9328081
By: CUERO, NELSON
Filed: 2/26/2016 3:10:50 PM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* 2016-12469 | COURT *(FOR CLERK USE ONLY):* 055 |

STYLED: Jane Doe v ENI Trading & Shipping, Inc.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

**Name:** Nitin Sud/Joseph Mathew
**Email:** nsud@sudemploymentlaw.com
**Address:** 6750 West Loop South, Suite 920
**Telephone:** 832.623.6420
**City/State/Zip:** Bellaire TX 77401
**Fax:** 832.304.2552
**Signature:** /s/ Nitin Sud
**State Bar No:** 24051399

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Jane Doe
Defendant(s)/Respondent(s): ENI Trading & Shipping, Inc.

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil — Employment:**
☒ Other Employment: Harassment

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000